RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 9 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JAMES EARL BAKER** | **DOCKET NO. 11-CV-824; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **WARDEN MARINA MEDINA** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner James Earl Baker, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He attacks the sentence imposed for a 2006 conviction in the United States District Court for the District of Kansas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

In 2006, Petitioner was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court concluded that Petitioner was an armed career criminal based on three prior state convictions and enhanced his sentence accordingly. Ultimately, Mr. Baker was sentenced to 235 months of imprisonment. On direct appeal, the Tenth Circuit Court of Appeals rejected Petitioner's arguments that he was entitled to a jury instruction regarding an "innocent possession" defense and that he could not be sentenced as an armed career criminal because

his civil rights had been restored for at least one of his prior state convictions. See United States v. Baker, 508 F.3d 1321, 1330 (10th Cir. 2007).

After the Tenth Circuit Court of Appeals denied Petitioner's request for a rehearing en banc, see United States v. Baker, 523 F.3d 1141 (10th Cir. 2008), and the Supreme Court denied his petition for certiorari, see Baker v. United States, 129 S. Ct. 349 (2008), Petitioner sought post-conviction relief in the District of Kansas. He filed a §2255 motion to vacate, correct, or set aside his conviction, asserting various grounds for relief including multiple claims of ineffective assistance of counsel. The bases for his ineffective assistance claims were his attorney's failure to: (1) assert a due process violation based on the jury's viewing him in handcuffs; (2) assert a "mistake of fact" defense rather than an "innocent possession" defense; and (3) appeal a previous dismissal of Mr. Baker's prosecution without prejudice. The district court rejected all of Mr. Baker's claims and denied his motion. Petitioner's request for a certificate of appealability was denied, U.S. v. Baker, 371 Fed.Appx. 987 (10th Cir. 2010), *cert. denied* 131 S.Ct. 341 (2010). Most recently, and after filing the captioned matter in this Court, Petitioner's request for authorization to file a second or successive §2255 motion was denied by the Tenth Circuit. In Re: James E. Baker, No. 11-3240 (10th Cir. 2011).

***Law and Analysis***

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a motion to vacate filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Federal prisoners may use §2241 to challenge the legality of their convictions or sentences only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).

The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. Such Petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the

petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

In the habeas petition before this court, Petitioner fails to show that (1) his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, or (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See Reyes-Requena, 243 F.3d at 904. In fact, he presents the same argument that he made to the Tenth Circuit in seeking permission to file a second or successive §2255 motion: that McDonald v. City of Chicago, 130 S. Ct. 3020 (2010), and District of Columbia v. Heller, 128 S. Ct. 2783 (2008) exclude prosecution for weapons typically possessed by law-abiding citizens for lawful purposes and render the ammunition provision of 18 U.S.C. §922(g)(1) unconstitutional. These arguments have been foreclosed by the Fifth Circuit, as well as the Tenth Circuit. See U.S. v. Darrington, 351 F.3d 632 (5th Cir. 2003) and U.S. v. Anderson, 559 F.3d 348 (5th Cir. 2009)(finding that Heller provides no basis for reconsidering Darrington); U.S. v. Baker, 371 Fed.Appx. 987 (10th Cir. 2010), cert. denied 131 S.Ct. 341 (2010). Moreover, the Supreme Court has not declared either McDonald or Heller to be retroactively applicable to cases on collateral review.

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of September, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE